UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY HUSPON, | ) |
|                 Plaintiff, | ) ) ) |
|                 v. | )    No. 1:20-cv-01230-SEB-DML |
| S. FOSTER, et al. | ) ) ) |
|                 Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Terry Huspon, an Indiana inmate, alleges in this civil rights lawsuit that the defendants violated his due process rights in the course of disciplinary action against him. Mr. Huspon also raises state law claims for malicious prosecution, false imprisonment, and intentional infliction of emotional distress. The defendants have moved for summary judgment. For the reasons below, that motion is **GRANTED**.

**I. Summary Judgment Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the Court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896

(7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Court is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trs. of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).  Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. 242, 255 (1986).

## II. Facts

Because the defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

### A. The Parties

Mr. Huspon is a state prisoner held in the custody of the Indiana Department of Correction ("IDOC"). Dkt. 44-1 at 146. In January of 2018, he was housed at Pendleton Correctional Facility ("Pendleton") in J cell house. *Id.* at 24:5-8 (Huspon Dep.).[1]

Defendants Foster, Shaver, Christian, and King all worked at Pendleton during the time at issue. Dkt. 44-5 at 3-4 ¶ 23, 26; dkt. 44-2 at 1 ¶ 2. Mr. Shaver is a Correctional Lieutenant,

---

[1] Mr. Huspon asserts that he did not receive adequate notice of his deposition to allow him to prepare. Dkt. 59 at 14. But Mr. Huspon agreed to proceed with the deposition at the time, Dkt. 44-1 at 11:13-18. Moreover, Mr. Huspon does not dispute the veracity of his deposition testimony in response to the motion for summary judgment.

Mr. Christian was a Correctional Caseworker, and Mr. King was the Community Involvement Director. *Id.* Mr. Lyttle is an attorney with IDOC Central Office in Indianapolis. Dkt. 44-5 at 5 ¶ 28.

### B. The Disciplinary Proceeding Against Mr. Huspon

#### 1. The Charges and the Hearing

On January 22, 2018, the cells in J cell house at Pendleton were searched for contraband. Dkt. 8-1; dkt. 44-1 at 25:11-28:15. During the search, Mr. Foster cut open a mattress found in Mr. Huspon's cell. Dkt. 44-1 at 25:13-21.[2] Mr. Foster then authored and signed a conduct report against Mr. Huspon stating that he found that Mr. Huspon's mat had two cuts in the seams. Dkt. 44-1 at 116. Lieutenant C. Conlon signed the conduct report as supervisor. Dkt. 44-4 at 2 ¶ 15.

Because of the conduct report, Mr. Huspon was subject to a disciplinary hearing. Dkts. 8-1, 8-2, 8-4. Mr. Huspon received notice of the hearing and his related rights. Dkt. 44-1 at 34:13-35:18. He pleaded not guilty and waived 24-hour notice of the hearing. *Id.* at 35:19-21; dkt. 44-4 at 3 ¶ 21.

Mr. Christian held the disciplinary hearing on January 31, 2018. Dkt. 8-4; dkt. 44-1 at 20:18-19, 21:1-3. Mr. Huspon did not seek a continuance when he appeared for his hearing. Dkt. 44-1 at 51:8-13. He told Mr. Christian that he wished to call witnesses and present video evidence. *Id.* at 36:14-19. But Mr. Huspon screamed, yelled, and cursed at Mr. Christian. *Id.* at 45:22-49:23. Because of Mr. Huspon's disruptive behavior, Mr. Christian deemed it appropriate to conclude the remainder of the hearing outside of Mr. Huspon's presence. Dkt. 44-5 at 2 ¶ 16. No witnesses were called to testify, and no video evidence was reviewed. Dkt. 44-1 at 49:25. After considering Mr.

---

[2] The defendants dispute this version of the events but concede these facts for purposes of summary judgment. Dkt. 45 at 3, n.2.

Huspon's statements and the related conduct report, Mr. Christian found him guilty of the charge of unauthorized altered property, and imposed sanctions, including a 90-day deprivation of earned credit time and three months of disciplinary restrictive status housing. Dkt. 8-4.

Mr. Huspon appealed, and his appeal was denied. Dkt. 8-5 at 1. Mr. Huspon appealed again, and Mr. Lyttle denied his appeal as an IDOC Appeal Review Officer. Dkt. 8-6, 23 at 5 ¶ 10; dkt. 44-1 at 22:3-6.

### 2. Mr. Huspon's Federal Habeas Case

The next month, Mr. Huspon filed a federal habeas corpus proceeding challenging the disciplinary sanctions against him. *See Huspon v. Zatecky*, 1:18-cv-01518-TWP-MJD. The Court initially granted his petition and ordered the sanctions to be vacated. *Id*. at dkt. 15. The Court later granted the respondent's motion to alter or amend the judgment because the Court's ruling was based on an outdated definition of the code which would have required a finding that the property was altered to be used as a weapon. *See id.* at dkt. 19. But the vacated conviction and sanction were not reinstated. *Id.* at dkt. 24-2 at 1. Ultimately, Mr. Huspon's habeas petition was dismissed as moot because the respondent had vacated his judgment and associated sanctions in light of the Court's grant of the writ and declined to pursue the matter again. *See id.* at dkt. 26.

### III. Discussion

#### A. Mr. Huspon's Due Process Claim

Mr. Huspon's federal claim is that the defendants violated his due process rights in the course of the disciplinary proceedings against him that resulted in his placement in segregation. This claim is necessarily brought pursuant to 42 U.S.C. § 1983.

4

### 1. False Conduct Report

Mr. Huspon alleges that Mr. Foster violated his due process rights by submitting a false conduct report against him. But, even if Mr. Foster did submit a false conduct report, this is insufficient to support a due process claim. *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) ("even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process."); *see also Lagerstrom v. Kingston*, 463 F.3d 621, 625 (7th Cir. 2006). Because Mr. Huspon alleges only that Mr. Foster wrote a false conduct report against him, he is entitled to summary judgment.

### 2. The Disciplinary Hearing

Next, the defendants argue that Mr. Huspon's due process rights were not violated during the disciplinary proceedings. Because the sanctions against Mr. Huspon were ultimately vacated and he did not lose credit time, the only injury he challenges here is the time he spent in segregation. The Court performs a two-step analysis when considering a procedural due process claim in this context. *Isby v. Brown*, 865 F.3d 508, 524 (7th Cir. 2017). First, the Court must determine whether the plaintiff was deprived of a protected liberty interest. *Id.* Second, the Court considers "what process was due under the circumstances." *Id.*

When an inmate is placed in disciplinary segregation, "the requirements of informal due process leave substantial discretion and flexibility in the hands of prison administrators." *Westefer v. Neal*, 682 F.3d 679, 685 (7th Cir. 2012). Informal due process requires only that the inmate be given an "opportunity to present his views"—not necessarily a full-blown hearing. *Id.* If the prison holds a hearing, inmates do not have a constitutional right to call witnesses or to require prison officials to interview witnesses. *Id.*

Here, Mr. Huspon was provided with a hearing and an opportunity to present his views. He waived 24-hour notice of the hearing. Dkt. 44-4 at 3 ¶ 21. While the hearing was cut short, that was because of Mr. Huspon's disruptive behavior. Dkt. 44-5 at 2 ¶ 16. Mr. Huspon argues that he was "railroaded" at the hearing, dkt. 59 at 11, but does not deny that he was provided notice or that he was disruptive. Excluding him from the hearing based on this behavior did not violate his due process rights. *See Illinois v. Allen*, 397 U.S. 337 (1970) (defendant who became noisy, disorderly, and disruptive forfeited his right to be present at trial); *United States v. Benabe*, 654 F.3d 753, 769-70 (7th Cir. 2011) (same). Mr. Huspon also argues that IDOC policy was violated during the disciplinary hearing, but even if policy was violated, this is not a basis for habeas relief. *See, e.g.*, *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"). The defendants are therefore entitled to summary judgment on Mr. Huspon's due process claims.

### B. Mr. Huspon's State Law Claims

Mr. Huspon also asserts state law claims of malicious prosecution, false imprisonment, and intentional infliction of emotional distress.

#### 1. Supplemental Jurisdiction

Because the Court has dismissed Mr. Huspon's due process claims, the Court must decide whether it should exercise supplemental jurisdiction over his state law claims.

The Court has discretion whether to exercise supplemental jurisdiction over a plaintiff's state-law claims when the federal claims have been dismissed. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see also* 28 U.S.C. § 1367(c) ("The district courts may decline to

6

exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). "[J]udicial economy, convenience, fairness and comity may point to federal retention of state-law claims ... when it is absolutely clear how the pendent claims can be decided." *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 461 (7th Cir. 2020) (internal quotation omitted). That is the case here.

### 2. Analysis

The defendants argue that Mr. Huspon's state law claims are barred by the Indiana Tort Claims Act ("ITCA"), which prohibits lawsuits against state employees for acts taken within the scope of their employment. Ind. Code § 34-13-3-5(b); *see also Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 452 (Ind. 2000). Conduct within the "scope of employment" is "conduct of the same general nature as that authorized, or incidental to the conduct authorized." *Celebration Fireworks, Inc.*, 727 N.E.2d at 452. Generally speaking, "whether an employee's actions were within the scope of employment is a question of fact to be determined by the factfinder." *Burton v. Benner*, 140 N.E.3d 848, 852 (Ind. 2020) (internal quotation omitted). But when the facts are undisputed, the Court may decide as a matter of law whether the acts were in the scope of employment. *See id.* (citing *Cox v. Evansville*, 107 N.E.3d 453, 460 (Ind. 2018)).

Here, Mr. Huspon sues the defendants for issuing a conduct report, imposing disciplinary sanctions, and considering his appeal of his prison disciplinary conviction. It is undisputed that all

of these acts were taken in the course of their employment. Accordingly, they are entitled to immunity under the ITCA.

## IV. Conclusion

The defendants' motion for summary judgment, dkt. [44], is **GRANTED**. Judgment consistent with this Order and the Order of July 21, 2020, dkt. 13, shall now issue.

Date: 3/16/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TERRY HUSPON
882533
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Samantha May Sumcad
INDIANA ATTORNEY GENERAL
samantha.sumcad@atg.in.gov